(July 2, 1913.)

HILLCREST IRRIGATION DISTRICT, a Public Corporation, Respondent, v. J. W. BROSE, Appellant.

[133 Pac. 663.]

IRRIGATION DISTRICT—POWER TO CONTRACT—POWER OF SECRETARY OF INTERIOR TO MAKE CONTRACT WITH AN IRRIGATION DISTRICT.

1. *Held,* that the Hillcrest Irrigation District was duly and regularly organized as an irrigation district under the laws of this state.

2. *Held,* that all the necessary steps required by statute were taken to authorize the issuance of the Hillcrest Irrigation District bonds, amounting to $100,000.

3. The Secretary of the Interior has the power to enter into a contract with an irrigation district under the provisions of the act of March 17, 1902, known as the reclamation act.

4. Pioneer Irr. Dist. v. Stone, 23 Ida. 344, 130 Pac. 382, approved and followed.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Chas. P. McCarthy, Judge.

Action to confirm the organization of an irrigation district and to have approved a contract between the district and the Secretary of the Interior. Judgment for plaintiff. *Affirmed.*

J. P. Pope, for Appellant.

Has the United States the authority and power to make and carry out the proposed contract?

Has an irrigation district the power and authority to obligate and bind the electors and their lands in the manner and for the purposes indicated in the contract as proposed? (*Pioneer Irr. Dist. v. Stone,* 23 Ida. 344, 130 Pac. 382.)

E. H. Hulser, for Respondent.

The transcript shows that the district has been duly organized; that the bond issue and the execution of said contract have been duly authorized by the qualified electors of the district; that the United States and the district each have the authority under the law to enter into said proposed contract, and that said contract when executed will be legal and binding upon the parties thereto. (*Pioneer Irr. Dist. v. Stone,* 23 Ida. 344, 130 Pac. 382.)

AILSHIE, C. J.—The Hillcrest Irrigation District, respondent, instituted this action in the district court praying for a decree of the court adjudging the Hillcrest Irrigation District legally organized as such in accordance with the laws of the state, and that the proceedings of the district leading up to and authorizing the issuance of the bonds of the district were in accord with the laws of the state and that such bonds

are valid, and that the execution of a contract with the United States through the Secretary of the Interior with the district, for the purpose of assisting the district in the reclamation of the lands within the district, is in harmony with the provisions of the reclamation act, and that the irrigation district has the power and authority to obligate and bind the lands of the district in the manner and for the purposes indicated in the contract as proposed.

The appellant filed a demurrer to the complaint, in which he alleged that he was a party interested in the organization of the district, owning land within the boundaries, and charges that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

The defendant filed an answer and a cross-complaint. In the cross-complaint it was alleged that the Hillcrest Irrigation District was without authority to enter into the proposed contract, and that the United States of America was without authority to enter into a contract with the district. The cross-complaint further asked for an injunction.

The plaintiff filed an answer to the cross-complaint and denied the material allegations thereof.

Evidence was introduced and the court made findings of fact and conclusions of law and entered judgment for the petitioners. From this decision the appellant appeals to this court.

While appellant in his brief specifies a number of errors and objections as reasons for reversal, such may be summarized into four points: (1) Was the Hillcrest Irrigation District duly organized under the laws of the state? (2) Was the bond issue of the district duly authorized as required by the statute? (3) Is the contract proposed to be entered into between the government of the United States and the district duly authorized by the electors of the district? (4) Did the United States government and the district have the power to enter into the proposed contract, and is such contract a binding obligation?

As to the findings of fact, there is no contention upon this appeal. The trial court's conclusion of law that the district

was properly and legally organized is not questioned, neither is there any argument or any contention that the bond issue was not authorized by the qualified electors of the district, or that the proceedings taken which resulted in the electors casting the required number of votes after proper notice had been given was not as required by law, or that the procedure was not legal and valid in all respects.

The record shows that the statute was fully complied with in the organization of the district and also in the proceedings for the issuance of the bonds.   This leaves for consideration the question as to the right of the United States and the irrigation district to enter into the proposed contract.

The same question presented in this case was presented to this court and determined in *Pioneer Irr. Dist. v. Stone,* 23 Ida. 344, 130 Pac. 382.   In that case this court held that the water users' association had the power to enter into and execute the proposed contract under its incorporation and the statute governing such corporations, and in the same case held that the Secretary of the Interior had the power to enter into such a contract under the provisions of the act of March 17, 1902, known as the reclamation act.   We approve that holding and apply the rule announced in that case to the present case.

The judgment is *affirmed.*   Costs awarded to respondent.

Sullivan, J., concurs.

Stewart, J., did not sit at the hearing or participate in the decision.