## BARKER *v.* THE STATE.

1. If an act which purports to amend a section of the code be for any reason un-
   constitutional, the validity of the section sought to be amended is not affected;
   and an accusation the terms of which are such as to come within the provi-
   sions of the law as it existed before the passage of the amendment may stand
   notwithstanding the invalidity of the amendatory act.
2. Even if an act from which a section of the Code of 1895 was taken be subject
   to the constitutional objection that it contains matter different from what is
   expressed in its title, this defect in the act would not render invalid the sec-
   tion of the code.
·3. A local act which prohibits the sale of intoxicating liquors otherwise than
   through the medium of a dispensary established by the act and operated by the
   State or one of its subordinate political divisions is a prohibitory law within
   the meaning of the Penal Code, § 428, making penal the sale of such liquors
   in any county where the sale is "prohibited by law, high license or other-
   wise;" and this is true though the local act prescribes no penalty for a vio-
   lation of its terms.    The section of the code is not to be construed as relating
   in any way to sales by the State, the language of the section neither expressly
   nor by necessary implication requiring such a construction.
·4. An act absolutely prohibiting the sale of intoxicating liquors in a given place
   suspends the operation in such locality of a general law providing that there
   shall be no sale without the payment of a tax or the procuring of a license or
   the performance of some other condition.    Such an act would not, however,
   suspend the operation of a general law making penal the sale in places where
   the sale is prohibited by law ; and where two such laws exist, a person mak-
   ing a sale may be indicted under either.    This rule is more especially appli-
   cable where one of such laws expressly provides that the sale shall be penal
   only in those places where it is prohibited by some other law.    In such a case
   it was manifestly intended that the two laws should stand together.

Submitted April 28, — Decided May 30, 1903.

Accusation of selling liquor.    Before Judge Reece.    City court
of Floyd county.    March 26, 1903.

*M. B. Eubanks,* for plaintiff in error.          ·

*Moses Wright, solicitor-general,* contra.

Совв, J.    In 1902 Barker was arraigned under an accusation
framed under the Penal Code, § 450.    The case came to this court,
and the conviction was set aside, on the ground that the accused

could not be convicted, under that section of the code, of the offense of which he was charged.    See 117 *Ga.* 428.    The accused was subsequently arraigned under an accusation charging that on the 14th of October, 1902, he "did sell spirituous, malt, and intoxicating liquors, the same not being domestic wines, in the county of Floyd in the State of Georgia, where the sale of such liquors was at the time prohibited by law, to wit, by the act of December 11th, 1901, creating a dispensary in the City of Rome and County of Floyd; said sale not being made from or by the dispensary located in the City of Rome, County of Floyd, under said act of Dec. 11th, 1901." The accused demurred to the accusation, on the following grounds: (1) The accusation does not charge any crime under the laws of the State, and does not charge the violation of any criminal law in force in Floyd county either now or at the time the acts complained of were alleged to have been committed. (2) In so far as the accusation alleges a violation of the dispensary law for Floyd county, passed December 11, 1901, it does not charge the accused with any crime, for the acts alleged to have been committed are not made criminal by such dispensary act. (3) In so far as the accusation alleges a violation of the local dispensary act, it fails also to charge any crime for which the accused can be punished, as the acts alleged to have been committed are not made penal by the dispensary act and no penalty is provided by that act. (4) In so far as the accusation seeks to charge the accused with a violation of the Penal Code, § 428, as amended by the act of 1897 (Acts 1897, p. 39), it does not charge any offense; for that section as amended has no application to Floyd county, and is a general law which is suspended by the enactment of the local law known as the dispensary act. (5) Such section of the code, as amended by the act of 1897, is unconstitutional and void, because the act of 1897 contains matter different from what is expressed in its title (the demurrer pointing out wherein the act is claimed to be defective). (6) Section 428 as amended can not apply to Floyd county, in that such section as so amended, if it applies at all, must apply to every sale of the article the sale of which is made penal by such law in that county; and inasmuch as the same can not be made to apply to the manager and clerks in the dispensary, it can not be made to apply to any sale in that county. (7) Section 428 as amended by the act of 1897 applies only to territory where the sale of the liquors named

is prohibited altogether, and can not be made applicable to a county having a dispensary act in force. (8) The dispensary act of Floyd county having been passed by the legislature as a local act and submitted to the people for ratification and by them ratified, section 428 as amended can not be construed as a part of that local law, it not being referred to in any way in the local act, and never having been submitted to the people of such county for ratification. (9) The act of 1893 (Acts 1893, p. 115), from which section 428 was taken, is unconstitutional and void, because it contains matter in the body which does not appear in its title (such matter being pointed out in the demurrer), and for this reason section 428 is unconstitutional and void. This demurrer was overruled, and the accused excepted.

1. Penal Code, § 428, is as follows: "If any person shall sell, or solicit, personally or by agent, the sale of spirituous, malt, or intoxicating liquors, in any county where the sale of such liquor is prohibited by law, high license or otherwise, he shall be guilty of a misdemeanor." By an act approved December 9, 1897, this section was so amended as to read as follows: "If any person shall sell, contract to sell, take orders for, or solicit, personally or by agent, the sale of spirituous, malt, or intoxicating liquors, in any county or town or municipal corporation or militia district or other place where the sale of such liquors is prohibited by law, high license or otherwise, he shall be guilty of a misdemeanor." Acts 1897, p. 39. The first section of the local dispensary act for the County of Floyd and City of Rome therein provides "that the sale of spirituous, malt, vinuous, and other intoxicating liquors," except domestic wines of a certain kind and in a specified quantity, "within the limits of said city and county otherwise than by said dispensary be prohibited." No penalty was, however, provided by the act for a violation of the provision quoted. Acts 1901, p. 620. As the accusation in the present case can be properly treated as having been framed under the Penal Code, § 428, it is not important to consider what would have been its effect had it charged solely a violation of the local dispensary act. It is therefore unnecessary to consider the first and second grounds of the demurrer. Even if the act of 1897 which amends the code section is unconstitutional for the reason alleged in the demurrer, this would of course not affect the validity of the code section. If the act is void, the original pro-

visions of the section are of full force and effect.   The act of 1897
was intended to extend the provision of the section to cases where
there was no sale but simply an agreement to sell, or an order taken
either by the owner or by some one in his behalf as an agent or
drummer.   The section before amendment made penal sales by any
one, and this provision is unaffected by the amendment.   The ac-
cusation in the present case charges a sale which is a violation
of the terms of the section as it originally stood, as well as in its
amended shape.   The enumeration, in the act of 1897, of munici-
pal corporations, militia districts, and other places, was doubtless
intended to refer to those counties where the sale was not prohib-
ited over the entire county.   But whether this is so or not, the
accusation charges a sale in a county, and the code section as it
originally stood covers this offense, and is in this respect unaffected
by the amendment.   So construing the accusation, it is to be
determined whether any of the other objections set up in the de-
murrer were well taken.

   2.  Even if the act of 1893 from which the code section was
taken be subject to the constitutional objection that it contains
matter different from what is expressed in the title, this defect in
the act would not render invalid the code section.   *Daniel* v. *State,*
114 *Ga.* 533, and cit.; *McFarland* v. *Donaldson,* 115 *Ga.* 567.

   3.  The main grounds of the demurrer relied on by the accused
are those which set up in effect that the sale of intoxicating liquors
is not prohibited in Floyd county, within the meaning of the Penal
Code, § 428.   When the first case against the accused was here,
it was suggested that inasmuch as the local dispensary act con-
tained a section which prohibited the sale of such liquors other-
wise than through the medium of the dispensary, it might be con-
sidered a prohibitory law within the meaning of the section of the
code.   Counsel for the plaintiff in error in the present case has
made a strong and earnest argument to combat this suggestion;
but after more mature consideration we are satisfied that the view
suggested in the other case is correct.   It is argued that penal laws
are to be construed strictly, and that in a strict sense no law can
be considered a prohibitory law which permits the sale of liquors
in any form or in any manner.   This argument would be unan-
swerable if directed to a law which allowed the sale of liquors in
any way by private individuals.   But the question here is not

whether the County of Floyd is, in a popular sense, a prohibition county, or whether the local dispensary act for that county is a prohibitory law as that term is commonly understood, but whether the sale of intoxicating liquors is by that act prohibited within the meaning of that word as used in the Penal Code, § 428. The dispensary is a State institution. No private individual has any direct interest in its operation. The dispensary was established in furtherance of temperance, and in certain localities it has been thought better to sell intoxicating liquors under direct governmental supervision and regulation than to undertake to prohibit the sale altogether or to allow it by private individuals. Dispensary laws have been several times before this court for consideration. Dispensaries are governmental agencies designed to curtail the consumption of intoxicating liquors. This was the nature and purpose of the local act for Floyd county. See *Mayor and Council of Leesburg* v. *Putnam,* 103 *Ga.* 110; *Plumb* v. *Christie,* Id. 686.; *Butler* v. *Merritt,* 113 *Ga.* 238. The local act for Floyd county was under consideration in *Chamlee* v. *Davis,* 115 *Ga.* 266, and was there held not to be invalid for any reasons set up in that case. The question, therefore, is: Did the General Assembly in passing the act of 1893, from which section 428 of the Penal Code was taken, intend to refer to localities where the State was prohibited from engaging in the sale of intoxicating liquors?

Acts of the General Assembly do not include the State, unless they expressly or by necessary implication so declare. Hence it has been held that the State was not embraced within the terms of the general local option liquor law, and that a special act establishing a dispensary to be operated by the State, or one of its subordinate political divisions, was not a special law in a case for which provision was made by the local option law. See the last three cases cited supra. There is nothing in section 428 which would require a construction that it was intended to include the State. On the contrary, its terms indicate that nothing but prohibitions by private individuals was in the legislative mind. It is doubtless true, as contended, that the General Assembly did not have in contemplation local dispensary laws when the act of 1893 was passed, though there was a dispensary in existence at that time in the City of Athens. See Acts 1890–91, vol. II, p. 436. But a dispensary law which prohibited the sale by private individuals would not for this

reason be excluded from the operation of the terms, "prohibited by law," occurring in the section.   Laws broad enough in their terms may embrace instrumentalities and methods afterwards coming into existence, although unknown at the time the laws were enacted. See, in this connection, *Savannah Railway* v. *Williams,* 117 *Ga.* 414; Pensacola Tel. Co. *v.* Western Union Tel. Co., 91 U. S. 1.   The sale of intoxicating liquors is prohibited by law in Floyd county, within the meaning of the code.   No private individual is allowed to sell such liquors there under any circumstances; and the fact that the State, through governmental agency, is engaged in the sale does not make the county any the less a place where the sale is prohibited by law within the meaning of the section.   The fact that no penalty is imposed by the local dispensary act for a violation of its provisions does not make it any the less a prohibitory law, as was said in the first case against the plaintiff in error.   That act contains a prohibition.   Section 428 imposes a penalty for selling in places where the sale is prohibited.   It may be that one could not be indicted under the local act and the penalty prescribed by the code section be imposed upon him.   But one guilty of a sale can be indicted and punished under the code section.   Whether from a metaphysical point of view there can be an offense without a punishment, or whether a violation of the dispensary act would be a crime in the absence of section 428 of the Penal Code, the local act, even though no penalty is provided by its terms, is sufficient to bring the county where the act is in force within the description of counties where the sale of intoxicating liquors is prohibited by law.   The code section supplies the omission in the act and subjects to punishment persons guilty of a violation of the terms of the section; and the fact that they may also be incidentally guilty of a violation of the local act does not make the code section inapplicable.

4. It is further contended that under the principle of the decision in *Patton* v. *State,* 80 *Ga.* 714, which was followed in several later cases, notably *Brown* v. *State,* 104 *Ga.* 525, *Collins* v. *State,* 114 *Ga.* 70, and *Batty* v. *State,* 114 *Ga.* 79, the general law contained in the Penal Code, § 428, was suspended in Floyd county by the passage of the local dispensary act.   We do not think the principle of these decisions is applicable.   They simply rule that general laws prohibiting the sale without the payment of a tax or the pro-

curing of a license or compliance with some other condition are suspended in a given locality upon the passage of a law absolutely prohibiting the sale. The reason upon which these decisions is founded is, that when the legislature by the passage of an act manifests an intention to absolutely prohibit at all events the sale of intoxicating liquors in a given place, no law which allows the sale upon the compliance with some specified condition would be applicable in such locality after the passage of the prohibitory act. There is nothing in those decisions which would prevent a general law, making penal a sale where no sale was permitted by law of any character, from being applicable in a place where the sale is already prohibited either by a local or a general prohibition law; and in such a case no reason occurs to us why one guilty of a sale might not be indicted under either law. This view is in entire harmony with what was said in the other case against the plaintiff in error; it being there said that " where a law is enacted prohibiting the sale of liquors in a given locality, the operation of all laws regulating the sale of such liquors is suspended, and an indictment or accusation charging the sale of any liquor the sale of which is absolutely prohibited under all circumstances should be framed under the prohibitory law." In addition to this, section 428 of the Penal Code is by its terms made applicable only in those localities where the sale is prohibited by some law. It was manifestly intended that the code section and the prohibitory law, whether general or local, should stand together. While this section may have been useless legislation in many localities of the State, the local prohibitory law or the general local option liquor law being sufficient to prevent the sale, still there may be two laws making penal the same act in the same locality. The present case is an illustration, however, of the fact that, at least so far as Floyd county is concerned, section 428 of the Penal Code was not only not useless, but very wise legislation. There was no error in overruling the demurrer.

*Judgment affirmed. By five Justices.*