AILSHIE, C. J.
— This action was instituted by the Pioneer Irrigation District under the provisions of sec. 2401 of the Rev. Codes for the confirmation of the proceedings of the district after a vote had been taken on a certain proposed contract with the United States and the Boise-Payette Water Users Association. After a hearing, the court entered a decree confirming the proceedings, and this appeal has been prosecuted.
Three questions are presented: First, that the contract has not been duly authorized by the qualified electors of the Pioneer Irrigation District and that the board of directors of the Pioneer Irrigation District is not duly authorized to exe *347 cute the contract; second, that the Boise-Payette Water Users Association has no authority to sign the proposed contract; and, third, that the Secretary of the Interior has no authority under the acts of Congress to enter into the proposed contract.
In the first place, the contract has been authorized by a vote of the qualified electors of the district in conformity with the statute. The statute, secs. 2397 and 2398 of the Bev. Codes, specifically authorizes the proceedings which have been taken in this case, and authorizes an irrigation district to enter into such a contract with the United States for the purpose of carrying out the purposes and objects of an irrigation district. Upon the question of whether or not an irrigation district has a right to provide means and expend money for the drainage of overflowed lands within the district, this court in the .ease of Bissett v. Pioneer Irr. Dist., 21 Ida. 98, 120 Pac. 461, expressed the opinion that such action might be taken. While the views there expressed were not essential to the determination of that case, a further investigation of the question convinces us of the correctness of the impressions the court then had on the subject, and we adopt the views therein expressed as the opinion of the court, and hold that an irrigation district possesses the powers necessary to drain its overflowed lands and to protect its land owners from seepage and overflow waters as well as to supply water to the dry and arid lands of the district.
2. It appears to us that the Boise-Payette Water Users Association has the power to sign and execute the proposed contract both under its articles of incorporation and the statute dealing with irrigation districts and the land owners and water users therein. The association was acting as trustee for the land owners who were members thereof, and we have not had our attention called to any law or fact which would militate against the action taken by the association.
3. It would seem to us that the Secretary of the Interior has the power to enter into such a contract under the provisions of the act of June 17, 1902, known as the reclamation act (32 Stats, at Large, 388, 7 Fed. St. Ann. 1098, U. S. *348 Comp. Stats. (Supp. 1911), p. 662). The United States circuit court of appeals in Burley v. United States, 179 Fed. 1, 102 C. C. A. 429, 33 L. R. A., N. S., 807, seems to have entertained the same view, and held that the secretary has power to enter into contracts such as the one under consideration. If, however, there could have been any question or doubt on this subject, it seems to us that all such doubt should have been dissipated by the provisions of the act of February 21, 1911 (36 Stats, at Large 925, Fed. St. Ann. (Supp. 1912), p. 417, U. S. Comp. Stats. (Supp. 1911), p. 681), known as the Warren act, which act specifically provides for and authorizes contracts such as the one under consideration. The proceedings seem to have been regular, the statute authorizes the same, and the contract is clearly within the purview of the statutes of the state and the acts of Congress as well.
The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.
Sullivan and Stewart, JJ., concur.