PHILLIPS, treasurer, *v.* HANKS *et al.,* commissioners.

Even if the act relating to the compensation of the treasurer of Floyd
County, approved August 21, 1906 (Georgia Laws 1906, p. 414), be void
upon the constitutional ground urged, then an act approved February 19,
1876 (Georgia Laws 1876, p. 366), as amended by an act approved
September 25, 1883 (Georgia Laws 1882-3, p. 513), stands unchallenged
and in full force, and the treasurer of Floyd County is to be paid in
accordance with the provisions of the local act fixing his salary, instead
of receiving commissions under the provisions of section 588 of the Civil
Code of 1910, which relates to the subject of the treasurer's compensation.

No. 2978. SEPTEMBER 20, 1922.

Petition for mandamus. Before Judge Wright. Floyd superior
court. December 2, 1921.

W. W. Phillips applied for mandamus against the members of
the board of commissioners of roads and revenues of Floyd County,
seeking to compel them to issue to him a warrant for his com-
missions as treasurer of the county. It was alleged that petitioner
had been duly elected as treasurer of the county, and had quali-
fied as such in the early part of January, 1921; that he had handled
over $250,000; that he was entitled to the fees prescribed in sec-
tion 588 of the Civil Code of 1910, which relates to the fees of
county treasurers, and that under the provisions of that section
he was, at the time of bringing the mandamus proceeding, entitled
to $3,000. The defendants filed their answer denying that the pe-
titioner was entitled to a mandamus absolute, for several reasons
set forth, among them, that the treasurer of Floyd County was
not entitled to the fees prescribed in section 588 of the Civil Code,
but that by the provisions of an act approved August 21, 1906,
entitled an act to amend an act approved September 25, 1883, re-
lating to the compensation of the treasurer of Floyd County, etc.
(Acts 1906, p. 414), the treasurer was entitled, not to the fees
prescribed in the code section referred to, but to a salary of $800
per year. It was also alleged in the answer that every treasurer
of Floyd County from 1876 to September 1, 1921, had served as
such for the salary specified, and had received and accepted the
same in full settlement of their claims against the county; and
that the board of commissioners of roads and revenues had tendered
the proportionate part of the salary due under the provisions
of the act of August 21, 1906. The court refused a mandamus
absolute.

*Harris & Harris,* for plaintiff. *John W. Maddox,* for defendants.

BECK, P. J. (After stating the foregoing facts.) Several questions are raised in the record as to whether or not it was the duty of the board of commissioners of roads and revenues to issue the warrant, and whether, if it was their duty to issue it, mandamus would lie to require the issuance, and as to the date they could be compelled to issue the warrant, if under the law they could issue it at all. After an examination of the act relating to the compensation of the treasurer of Floyd County for his services as such, we are satisfied that the judge properly refused a mandamus absolute, upon the ground, apart from other reasons urged, that the salary of the official in question is fixed by statute, and all that he was entitled to under the statute fixing the salary had been tendered him. Under the ªact of August 21, 1906, referred to above, the treasurer was entitled to only $800 a year. This act last referred to was passed before the amendment to the constitution allowing the General Assembly to fix the compensation of county treasurers. (See Ga. Laws 1914, p. 42.) And the petitioner attacks in his pleadings this statute of 1906 as unconstitutional, upon the ground that it is a special law enacted in a case for which provision was made by an existing general law, and therefore violative of article 1, section 4, paragraph 1 of the constitution of this State (Civil Code, § 6391). If the act of August 21, 1906, were the only law upon the subject, it might be that we would be required to hold that it was unconstitutional; but as the case stands it is not necessary to pass upon that question, because, if it be conceded that this act is unconstitutional, then the act approved February 19, 1876 (Ga. Laws 1876, p. 366), as amended by the act approved September 25, 1883 (Ga. Laws 1882-3, p. 513), stands unchallenged. The provision of the constitution of 1868, and the act first fixing the salary of the treasurer of Floyd County was passed before the constitution of 1877, containing the inhibitive provision quoted above, was adopted. But whether or not the act of 1876 is open to any constitutional attack we are not called upon to decide, because it stands unchallenged, so far as appears from this record. And with the act last referred to standing on the statute book, even if the act of August 21, 1906, is void and without effect, the treasurer was not entitled to a mandamus absolute requiring the issuance of the warrant at all.

*Judgment affirmed. All the Justices concur.*