18929.   UNITED STATES CASUALTY COMPANY *v.*
WATKINS *et al.*

ARGUED APRIL 12, 1955—DECIDED JUNE 13, 1955.

*Samuel A. Miller, Nall, Sterne, Miller, Cadenhead & Dennis,* for plaintiff in error.

*Alex McLennan, Bryan, Carter, Ansley & Smith, W. Colquitt Carter,* contra.

WYATT, Presiding Justice. ■ This action is brought upon the theory that by virtue of an act of the General Assembly passed in 1922 (Ga. L. 1922, pp. 185, 186; Code § 114-403), plaintiff has a right to be subrogated to the rights of the injured employee or his representative against a third party tortfeasor to the extent of the compensation paid and that this right can be protected by enjoining a settlement between the injured employee or his representative and the third party tortfeasor. The defendants in error contend that there is no right of subrogation.

The act of 1922, supra, was amended in 1937 (Ga. L. 1937, pp. 528, 530; Code, Ann. Supp., § 114-403), by striking certain language therefrom and adding certain language thereto. The act as amended was declared unconstitutional in *Lloyd Adams, Inc.* v. *Liberty Mutual Insurance Company,* 190 *Ga.* 633 (10 S. E. 2d 46). It is contended by the plaintiff in error that when the 1937 act, supra, amending the 1922 act, supra, was declared unconstitutional by this court, the 1922 act remained in full force and effect and that the plaintiff in error has the right to be

subrogated under the provisions of that act. Defendants in error contend that when the 1937 act was declared unconstitutional by this court, the 1922 act was not and did not become effective and no law on the subject matter remained, and that there is no right of subrogation on the part of a party paying workmen's compensation, and that the case of *Lloyd Adams, Inc.* v. *Liberty Mutual Insurance Co.*, supra, so holds.

With this contention we can not agree. In the case of *Lloyd Adams, Inc.* v. *Liberty Mutual Insurance Company*, supra, this court did not have before it and did not pass upon the question here involved. The *Lloyd Adams* case, supra, was based squarely upon the 1937 amendment. We have carefully examined the opinion in the *Lloyd Adams* case, supra, and the record in that case when it was before this court and it clearly appears that no question with reference to the 1922 act was or could have been involved. The petition in the *Lloyd Adams* case, supra, alleges that no suit to establish legal liability had been brought. Indeed, it is alleged that the injured employee had refused to bring suit against the third party tortfeasor. Under the 1922 act, it is essential, before subrogation will be allowed, that a legal liability be established. It was affirmatively alleged that this condition did not exist. It, therefore, follows that whether or not there was a 1922 act could not and did not make any difference in the *Lloyd Adams* case because there was no attempt to come within its terms and it had no application to the case then before the court. It was purely and simply a suit under the 1937 act and was so treated by the court.

The language in the *Lloyd Adams* case which has been construed by some as holding that the 1922 act was not in full force and effect reads in full as follows: "But it is insisted that under the subrogation clause, the defendant in error having paid compensation, it is subrogated to the rights of the injured employee to recover full damages for the injury by proof of liability of the tortfeasor independently of the provisions of this statute. This contention is decided adversely to the defendant in error for the reasons hereinbefore stated." It had previously been said in the *Lloyd Adams* case that the suit could be maintained only if authorized by statute, and that the only statute authorizing such suit was Code § 114-403 as amended by the act of 1937, supra.

As we construe the language above quoted, it simply says that defendants in error insist that even without the statute, they are entitled to be subrogated to the rights of the injured employee by proof of liability of the tortfeasor. They do not claim that they are entitled to be subrogated because liability has already been established as required by the 1922 act, but that they will be entitled to be subrogated by proof of liability—not within the 1922 act. The quoted language then says that this contention is without merit for reasons "hereinbefore stated". What reasons are "hereinbefore stated"? They are that without a statute, the suit could not be maintained (*Atlantic Ice & Coal Co.* v. *Wishard*, 30 *Ga. App.* 730, 119 S. E. 429; *Hotel Equipment Co.* v. *Liddell*, 32 *Ga. App.* 590, 124 S. E. 92; *Athens Railway & Electric Co.* v. *Kinney*, 160 *Ga.* 1, 127 S. E. 290), and that the statute under which the suit was brought was unconstitutional and therefore there was no statute authorizing the suit, and the suit could not be maintained. In the *Lloyd Adams* case, there is no reason "hereinbefore stated" as to why the 1922 act was not in full force and effect, or would not apply if the facts alleged complied with its provisions. Indeed, it is not referred to. It is not mentioned, and properly so, because it was clearly not involved.

We have dealt at length with the case of *Lloyd Adams, Inc.* v. *Liberty Mutual Insurance Company*, supra, because of the widespread misconception as to what that case holds. As we have pointed out above, it simply holds that in order to maintain a subrogation suit in a workmen's compensation case, such suit must be authorized by statute, and that the statute under which that suit was brought, the 1937 act, supra, was unconstitutional.

In the instant case, the question of what effect, if any, an attempted but unconstitutional amendment to an existing valid act has upon the existing valid act is squarely before us. This question is not a new or novel one. It has been passed upon by the courts of this State a number of times and it has been uniformly held that an attempted but unconstitutional amendment to an existing valid act has no effect upon the existing valid act, but leaves the said act in full force and effect, unless the intention of the legislature to repeal the act is clear and unmistakable. See in this connection, *Barker* v. *State*, 118 *Ga.* 35 (44 S. E. 874); *Clark* v. *Reynolds*, 136 *Ga.* 817 (72 S. E. 254); *Stegall* v. *Regional*

*Housing Authority,* 197 *Ga.* 571 (30 S. E. 2d 196); *Jones* v. *State,* 151 *Ga.* 502 (107 S. E. 765); *Freeney* v. *Pape,* 185 *Ga.* 1 (3) (194 S. E. 515); *Phillips* v. *Hanks,* 154 *Ga.* 244 (113 S. E. 806); *Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917); *Dorsey* v. *Clark,* 183 *Ga.* 304 (188 S. E. 338); *Cone* v. *State,* 184 *Ga.* 316 (191 S. E. 250); Eberle *v.* People of Michigan, 232 U. S. 700 (34 Sup. Ct. 464, 58 L. ed. 803); Truax *v.* Corrigan, 257 U. S. 312 (42 Sup. Ct. 124, 66 L. ed. 254, 27 A. L. R. 375). This ruling is in harmony with the rule which is uniform throughout the United States. See 66 A. L. R. 1483 where citations from states all over the United States will be found in support of the rule here stated.

It is significant that in a field, such as the legal field, where there is generally so much diversity of opinion, there should be such unanimity upon a proposition of law. It arises because of the necessities involved and the complete unworkability of a contrary rule. To say that the attempted amendment which is unconstitutional to an existing valid law effects a repeal of the previously existing valid law, leaving no law on the subject matter, would in all cases leave a legal vacuum, and in many cases a very dangerous legal vacuum, which would imperil the rights, safety, and freedom of the citizens of this State and cripple the operation of the government of this State. Courts ought not to, and this court will not, disregard its precedents, invade the province of the legislature by repealing laws which the legislature never intended to repeal, and establish in this State a rule the effect of which would be so great and widespread as to be unforeseeable. We, therefore, hold, in accordance with the authorities above cited, that the attempted enactment of an unconstitutional amendment to an existing valid law does not affect the existing valid law, but leaves it in full force and effect.

■ The next question presented is whether or not a party paying workmen's compensation has a right to enjoin a compromise and settlement of a suit by the injured employee against the third party tortfeasor pending the fixing of legal liability in the third party tortfeasor. Plaintiff in error insists that it does have such right and cites in support of this contention *Hartford Accident & Indemnity Co.* v. *Fidelity & Casualty Co. of New York,* 183 *Ga.* 383 (188 S. E. 517); *Atkinson* v. *Fidelity & Casualty*

*Co.,* 187 *Ga.* 590 (1 S. E. 2d 744). These cases, however, do not hold that a compromise and settlement can be enjoined. The law of this State is determined and fixed with reference to "voluntary settlements" between an injured employee and a third party tortfeasor. In *American Mutual Liability Ins. Co.* v. *Wigley,* 179 *Ga.* 764 (177 S. E. 568), the injured employee filed a suit for damages against the third party tortfeasor, and while the suit was pending the parties settled the action upon the payment of a sum of money, and this court said: "Neither the employer nor the insurance carrier would be entitled to have the amount of compensation awarded the employee reduced by subtracting therefrom either the total or the net amount of the sum received by him in the settlement of his damage suit against the third person." This ruling by this court clearly demonstrates that voluntary settlements are beyond any right of the employer to reduce the amount of compensation awarded by applying any amount of the damages collected by the employee from the third party tortfeasor.

In *Travelers Insurance Co.* v. *Bumstead,* 182 *Ga.* 692 (186 S. E. 742), it is said that where an employee files an action at law for damages against the alleged actual tortfeasor, that, "an insurance company which has insured the plaintiff's employer, and has duly paid the plaintiff compensation for his injuries and his medical expenses, has no legal right to assert its claim for 'reimbursement' and 'subrogation' under said section of the act, by filing and having allowed a petition for intervention as a plaintiff in such action at law, which will prevent the employee from dismissing the action without the consent of the insurance company."

Under the decisions cited and quoted from, neither the employer nor his insurance carrier has any right to interfere with a voluntary settlement between an employee and a third party tortfeasor. This result is in conformity with the long-established policy of the law which favors and encourages the compromise and settlement of lawsuits, claims, and disputes of all kinds. See in this connection, *King* v. *Lewis,* 188 *Ga.* 594 (4 S. E. 2d 464) and *Collins* v. *Collins,* 165 *Ga.* 198 (140 S. E. 501). If a settlement in this case were enjoined, it would not only discourage, but would prohibit entirely a compromise and settlement in direct opposition to the policy above stated. The case of

*Hartford Accident & Indemnity Co. v. Fidelity & Casualty Co. of New York,* supra, cited and relied upon by the plaintiff in error, is not a full-bench case. In so far as anything that is said therein is in conflict with what is here held, it is unsound and will not be followed because it is in conflict with older full-bench decisions of this court.

It follows, therefore, the petitioner is not entitled to enjoin a voluntary settlement, to have a receiver appointed, or to have any funds impounded, and the petition did not set out a cause of action for any of the relief sought. It was not error to sustain the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent. Hawkins, J., concurs in the judgment only.*