23407. CONTINENTAL CASUALTY COMPANY v. SWIFT & COMPANY et al.

ARGUED APRIL 12, 1966—DECIDED APRIL 19, 1966.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, Sidney F. Wheeler,* for appellant.

*Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., Scott Charlton, Cullen M. Ward,* for appellees.

DUCKWORTH, Chief Justice. The decision in *Travelers Ins. Co. v. Bumstead,* 182 Ga. 692 (186 SE 742), established the law that the Workmen's Compensation Statute, as amended by Ga. L. 1922 (*Code* § 114-403) did not authorize the insurer of the employer who has paid the employee for his injuries to intervene in a suit by the injured employee against the actual tortfeasor, and that the insurance carrier of the employer has no legal right to assert its claim for "reimbursement" and "subrogation" under said section of the Act, by filing and having allowed a petition for intervention as a plaintiff in such action at law, so as to prevent the employee from dismissing the action without the

consent of the insurance company. *American Mut. Liability Ins. Co. v. Wigley,* 179 Ga. 764 (177 SE 568). That decision just referred to (*Travelers Ins. Co. v. Bumstead,* supra) made that ruling in the light of *Code* § 114-403 before the attempt to amend that section by Ga. L. 1937, pp. 528, 530. But the decision of this court in *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.,* 190 Ga. 633 (10 SE2d 46), held the 1937 amendment void in that it attempted to authorize recovery when payment had been made, and then held that there was in *Code* § 114-403 no provision for subrogation. That ruling necessarily held that the repealed portion of *Code* § 114-403 by the 1937 Act was thereby destroyed and that the decision that the portion of the 1937 Act was void, did not revive, resurrect and breathe life into the portions of *Code* § 114-403 completely and constitutionally destroyed by the 1937 Act wherein such portions were unqualifiedly repealed. The decision in *Lloyd Adams* and in *United States Cas. Co. v. Watkins,* 211 Ga. 619 (88 SE2d 20) have created serious doubts as to what the real law is. See Editorial Notes, *Code Ann.* § 114-403. The 1963 amendment of *Code* § 114-403 (Ga. L. 1963, pp. 141, 145) clarifies and fixes the law definitely from there hence, but this case arose during the confusion and before it was clarified in 1963.

In the *Lloyd Adams* case we respected the constitutional power of the legislature to enact or repeal any law within constitutional limitations. We there yielded without hesitancy to the legislature, and acknowledged the judicial incompetence to enact, repeal or revive a dead law. Careful reading of any decision that attempts to resurrect a dead law will reveal it can be done only when the legislature clearly intended it. This entire field of legal controversy is bottomed upon the decision in *Barker v. State,* 118 Ga. 35 (44 SE 874). But any rational construction of that decision unmistakably discloses that the Act (Ga. L. 1897, p. 39) repealed absolutely no law. It attempted to insert into Code § 428 certain additions. These additions were properly held violative of the Constitution and therefore void. To thus void the purported additions in no degree touched or affected Code § 428 as it existed before that abortive attempt to add to, without repealing any portion thereof, the provisions of the 1897

Act. Logically and correctly this court held in the *Barker* case that the voidance of the 1897 Act left § 428 as it existed before that Act.

From this perfectly clear and sound decision, based upon the facts therein, this court has rendered numerous decisions that were finally consummated in a decision by a divided court in *United States Cas. Co. v. Watkins*, 211 Ga. 619, supra, that the outright repeal of specified portions of *Code* § 114-403 by the 1937 amendment did not repeal because the provisions of the 1937 Act enacted in lieu thereof were unconstitutional. That decision started with the *Barker* case as authority for its refusal to follow the *Lloyd Adams* case and then cited a number of decisions of this court to support its ruling. We have minutely examined every decision thus cited. We have already demonstrated that the *Barker* case did not support the ruling. The cited decisions in *Phillips v. Hanks*, 154 Ga. 244 (113 SE 806), and *Reynolds v. State*, 181 Ga. 547 (182 SE 917), are wholly irrelevant to the question. *Clark v. Reynolds*, 136 Ga. 817 (72 SE 254), contains a great amount of verbosity but Justice Beck was absent and did not concur. *Jones v. State*, 151 Ga. 502 (107 SE 765), held only that the legislature was limited in its power to enact laws by the subjects stated in the Governor's call for a special session. *Dorsey v. Clark*, 183 Ga. 304 (188 SE 338), and *Freeney v. Pape*, 185 Ga. 1 (194 SE 515), merely held that an enactment that repealed nothing expressly, when held void, in no way altered the law existing at the time of its enactment. The same can be said as to *Cone v. State*, 184 Ga. 316 (191 SE 250). Finally, the other decision cited to support the ruling in the *Watkins* case, supra, was *Stegall v. Regional Housing Authority*, 197 Ga. 571 (30 SE2d 196), which was plainly a case factually the same as the *Barker* case, for nothing was repealed but only attempted additions were invalid, leaving the law unaffected.

We therefore follow *Lloyd Adams* and read out of *Code* § 114-403, what was expressly repealed by the 1937 Act, and also hold as was there done that the 1937 Act was void in its attempted amendment of *Code* § 114-403 adding a legal absurdity; and as a consequence, *Code* § 114-403 provides no sub-

rogation whatsoever. With this premise laid for the present case, the answer is simple and plain. The compensation insurance carrier for the employer had no right to intervene, enjoin, or otherwise affect the suit by the injured employer against the tortfeasor to prevent a settlement between them or to be subrogated to the claim of the employee against the tortfeasor for the amount it had paid the employee under the terms of its contract with the employer. The court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*