42199, 42200.   FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. WHITEHEAD; and vice versa.

ARGUED SEPTEMBER 6, 1966—DECIDED OCTOBER 26, 1966—
REHEARING DENIED NOVEMBER 16, 1966—

*Smith, Ringel, Martin & Lowe, Williston C. White,* for appellants.

*Reeves & Collier, Rex T. Reeves, Merrell Collier,* for appellee.

EBERHARDT, Judge. ■ The question has been raised in this case as to whether, under the decision in *Continental Cas. Co. v. Swift & Co.,* 222 Ga. 80 (148 SE2d 489), *Code* § 114-710

stands repealed by § 15 of the Act of 1963 (Ga. L. 1963, p. 141, et seq.) so that from the date of its adoption no appeal from the Workmen's Compensation Board to the superior court has been available. We conclude that it does not. It has been a question of no little concern to this court. But after a careful study of the matter we have concluded that our statement of the situation in *Baggett Transportation Co. v. Barnes*, 108 Ga. App. 68 (132 SE2d 229) is correct.

The contention made in this case is, in effect, that the Supreme Court ruled in *Swift*, supra, that the unconstitutionality of the affirmative enacting part of the Act of 1937 (Ga. L. 1937, p. 528) *did not render inoperative the provision for the striking (or repeal) of the old provision for subrogation without respect to the intention of the legislature as respects both the new enactment and the repeal.* In other words, the contention is that *Lloyd Adams, Inc. v. Liberty Mut. Ins. Co.*, 190 Ga. 633 (10 SE2d 46) held that in all cases where an enactment is held unconstitutional a repeal of an old law is *not invalidated.* Ascertainment of what the rulings in *U. S. Cas. Co. v. Watkins*, 211 Ga. 619 (88 SE2d 20) and *Continental Cas. Co. v. Swift & Co.*, supra, mean will serve to clarify the issues involved and simplify the issue in this case. The question involved in the two above cases was the same: What did the *Lloyd Adams, Inc.* case hold? In our judgment the holding is necessarily to the effect that there was *no subrogation under any theory of law.* The court did not discuss the question of what effect the unconstitutionality of the affirmative enactment had on the repeal of the old provision for subrogation. However, the judgment in the case necessarily meant that there was no subrogation for any reason, and that included the facts (1) that the affirmative substitute subrogation provision was unconstitutional, (2) that there was no subrogation in such cases without a statute, and, though it was not mentioned, (3) that the ruling unconstitutional of the new provision for subrogation *did not invalidate the outright repeal of the former subrogation provision.* Under the almost unanimous rulings on this question, to be stated later, the opinion necessarily meant that it was the legislature's intention to repeal the old provision for sub-

rogation—not as a part of a two-fold intention to provide a new subrogation provision, but as a deliberate and conscious intent to repeal the old provision for subrogation without respect to whether the new provision was good or bad. This is not to bring in question the correctness of the ruling in *Lloyd Adams, Inc.* However, it may be observed that the *Lloyd Adams, Inc.* decision could have been influenced by the nature of the attempted substitution and the fact that the old principle of subrogation is not such a compelling equitable or moral necessity as would render unconscionable a failure to provide it, though the matter or the effectiveness of the repeal was not discussed.

There is another impelling reason why we hold as we do here. To hold otherwise would be to impute to the Supreme Court an unthinkable intention, i.e., to disavow an almost universal and sound rule on the question involved. The rule is: "In cases in which statutes containing repealing clauses have been held to be unconstitutional, the general rule is that *the clause containing the repeal is incidental to the rest of the statute,* and that if the latter is invalid, *the clause containing the repeal will likewise be deemed invalid, leaving the prior general law unrepealed.* It must be pointed out, however, that *the question in every case is whether the legislature intended that the repeal should take effect in any event—that is, whether the repeal provision is severable* . . . The question whether portions of a statute which are constitutional shall be upheld while other portions are eliminated as unconstitutional involves primarily the ascertainment of the intention of the legislature. If the objectionable parts of a statute are severable from the rest in such a way that the legislature would be presumed to have enacted the valid portion without the invalid, the failure of the latter will not necessarily render the entire statute invalid, but the statute may be enforced as to those portions of it which are constitutional. *If, however, the constitutional and the unconstitutional portions are so dependent on each other as to warrant the belief that the legislature intended them to take effect in their entirety, it follows that if the whole cannot be carried into effect, it will be presumed that the legislature*

*would not have passed the residue independently, and accordingly, the entire statute is invalid."* (Emphasis supplied.) 16 AmJur2d 413, 414, Constitutional Law, §§ 185, 186; 102 ALR 803; 66 ALR 1483. While the majority probably ruled correctly as to what the ruling in *Lloyd Adams, Inc.* was, the whole court in *Continental Cas. Co. v. Swift & Co.*, supra, correctly stated what the ruling necessarily had to be, since no subrogation was said to exist. At any rate, the Supreme Court had never held that the general rule is not to be applied in a case such as we have here. We think the conclusion is demanded that the legislature intended to repeal the provision for appeals from awards of compensation to the superior court only in the event the provision for appeals directly to this court was valid.

The intention of the legislature was two-fold: the repeal of an old provision for appeal and the substitution of a new. There can be no substitute unless the entire intention is accomplished. While in the case overruled, *U. S. Cas. Co. v. Watkins*, 211 Ga. 619, supra, the Supreme Court corrected its ruling as to what *Lloyd Adams, Inc.* necessarily meant, it nevertheless stated the undeniable principle which applies to this case and others like it, in which it is obvious that all of the Justices would concur under the facts of this case.

It is utterly beyond the bounds of reason, in our opinion, to think that the legislature intended to limit relief from an award of the State Board of Workmen's Compensation to the cumbersome method of certiorari to the superior court in the event the Act attempting to provide a direct appeal to this court was held to be unconstitutional. The legislature was attempting to make appeal simpler and easier, not more difficult and complicated. Certiorari would greatly slow down the process, impede justice, and increase the already too-heavy workloads of the board and the superior courts.

In his findings and award on the matter of whether the employee had experienced a change of condition the deputy director found, inter alia, that the employee had suffered a hernia arising out of and in the course of his employment, as evidenced by the agreement to pay compensation therefor, but that the employer had tendered a surgical correction which the

employee had refused and that the employee's condition would have enabled him to take a surgical correction. He further found that the employee had, subsequently to the sustaining of the hernia and after he had been tendered a surgical correction, suffered a mental collapse which was unrelated to the hernia or to his employment, by reason of which he is confined in the hospital at Milledgeville.

Because of his refusal of the surgical correction the employer or insurer had been authorized, under *Code* § 114-412, to cease making compensation payments. However, the director proceeded to find that the employee had undergone a change of condition, unrelated to the hernia or employment, and on the basis of the change (insanity) the insurer had been authorized to terminate the payments of compensation as of the date the application for a hearing had been filed by the employee— which the board treated as an application for a determination of whether there had been a change of condition.

We have seen no compensation case more involved in procedural postures and problems, many of which we have not catalogued, and most of which were undreamt of by those who drafted the Act for legislative adoption, or by the legislature itself.

As we view this matter the evidence authorized the finding that a surgical correction was tendered at a time when the employee's condition was such that he could have taken it, and that he refused it. When that appears, *Code* § 114-412 authorizes the employer-insurer to stop making payments upon his refusal and provides that "no compensation shall be allowed during the time such refusal continues."

The evidence also authorized the finding that the employee's insanity was unrelated either to the hernia or to his employment.

Consequently, the director should have proceeded to ascertain from the evidence the date when the correction was tendered and make an award terminating liability for compensation payments from that time and during the time the refusal continues. If and when a correction should be accepted compensation would resume from the date of acceptance and after the correction a determination could be made as to whether it

resulted in a removal of all disability resulting from the hernia. If not, he would be entitled to further compensation as provided in *Code* § 114-412.

The termination of compensation by reason of the change in condition (insanity) as of the time the employee filed a request for hearing was unauthorized. It was the hernia that brought about the disability and for which compensation payments were to be made under the agreement. The evidence demands a finding that the employee still suffers from the hernia. There is no evidence of a change in condition in that respect.

The sustaining of the employee's appeal of the award and a remand of the matter to the board, not having been appealed from, is res judicata. But it did not preclude further findings or award, and these may be made if upon the proper basis.

Since at the time the judgment was entered for unpaid compensation payments the superior court had before it no award terminating compensation for the period claimed, entry of the judgment was proper and it is not erroneous. However, if a determination as to the date of a tender of surgical correction and refusal is made, a factual determination which the board is authorized to make under *Code* § 114-715, and a certified copy of that is properly presented to the superior court with a petition or application for the modifying or revocation of its judgment under *Code Ann.* § 114-709, the court is authorized to do that and make its judgment conform if some compensation is due, or revoke it if it appears that none is due. *Brown v. Liberty Mut. Ins. Co.*, 113 Ga. App. 490 (148 SE2d 436).

As it now stands it appears that the board has determined that a surgical correction was tendered and refused—but no determination as to when it was made. Hence there was no way by which it could be determined that compensation was not due for the period during which it was alleged to have been unpaid, and under *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 399 (24 SE2d 309); *Aetna Ins. Co. v. Gipson*, 104 Ga. App. 108, 110 (121 SE2d 256) and *Jenkins v. Reliance Ins. Co.*, 113 Ga. App. 70 (147 SE2d 343), entry of the judgment was proper.

■ ■ There was no error in denial of the employee's motion to dismiss his request for a hearing which had been filed April 19, 1961, and which, under *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (95 SE2d 29) had been treated as an application for a hearing to determine whether there had been a change in the employee's condition, especially in view of the postponement of the hearing for a little more than two years upon a request of his counsel, together with an intervening request for hearing on the matter of change in condition by the employer. This is an administrative proceeding where the technical rules of pleading are not applied. Once a hearing is initiated the board is authorized to proceed with it unless a dismissal or abandonment is agreeable to all interested parties.

We may observe here that the rule announced in *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493, supra, limiting the board to a consideration of a "change in condition" is not applicable in a hernia situation where a determination must be made of whether a surgical correction was tendered, whether the employee's condition would have permitted it, whether it was refused, and, if so, when the tender was made, from which an award disallowing compensation during the continuance of the refusal may follow.

■ Under our ruling that the judgment has been properly entered in the superior court no ruling is necessary upon the errors claimed as to the admission of certain pleadings as evidence.

*Judgment affirmed in both the main and cross appeal. All nine Judges concur.*