S92A1544. MILLER et al. v. MEDICAL ASSOCIATION OF
GEORGIA et al.
S92X1545. GEORGIA NURSES ASSOCIATION, INC. et al. v.
MILLER et al.
S92X1546. GEORGIA OPTOMETRIC ASSOCIATION, INC. et al.
v. MILLER et al.
S93X0059. MEDICAL ASSOCIATION OF GEORGIA et al. v.
MILLER et al.
(423 SE2d 664)

SEARS-COLLINS, Justice.

We granted an expedited appeal in these cases to determine whether the trial court erred by holding, among other things, that OCGA § 43-34-1[1] violates due process and equal protection. All parties concede that the literal language of § 43-34-1 violates due process and equal protection in that it is so broad that it prohibits much conduct that there is no rational basis to prohibit, see *Dobbins v. State*, 262 Ga. 161, 162 (1) (415 SE2d 168) (1992), including the administering of shots by nurses, the self-injection of insulin by a diabetic, the drawing of blood, the piercing of ears, embalming, and the tattooing of skin, to name a few. The Medical Association of Georgia, however, argues that we can interpret the statute so as to excise the unconstitutional aspects of the statute. We conclude to the contrary, as we find that the statute is so wide-ranging in its impact that we cannot possibly make one interpretation of the statute that we would be certain would render it constitutional *and* effectuate the legislative intent in enacting the statute. See *Lasseter v. Ga. Public Service Comm.*, 253 Ga. 227, 230 (1) (319 SE2d 824) (1984).[2] Under these circumstances, it would be inappropriate for us to undertake the type of major rewrite of the statute that the Medical Association urges us to do; that task is best left to the legislature. We therefore affirm the trial court's holding that § 43-34-1 is unconstitutional in toto.

The trial court, in addition to declaring § 43-34-1 unconstitutional, made several declarations concerning other statutes that govern health care professionals. Because the parties only sought a declaration concerning the constitutionality of § 43-34-1, we reverse the

---

[1] Section 43-34-1 prohibits persons other than doctors, dentists, podiatrists, and veterinarians from performing
> any surgery, operation, or invasive procedure in which human or animal tissue is cut, pierced or otherwise altered by the use of any mechanical means, laser, ionizing radiation, medication administered by injection or the removal of foreign bodies from within the tissues of the eye. [Id. Ga. L. 1992, pp. 2062, 2063, Section 2, effective April 17, 1992.]

[2] In addition, we hesitate to speculate as to the meaning of the statute when severe criminal penalties are attached to its violation. E.g., OCGA § 43-34-46 (violation of § 43-34-1 is a felony, punishable by a fine of between $500 and $1,000 or by imprisonment from 2 to 5 years, or both).

part of the trial court's order that sets forth declarations concerning statutes other than § 43-34-1.

Finally, we agree with the contention of the Medical Association of Georgia that the trial court erred by ruling that the unconstitutionality of § 43-34-1, as enacted by Ga. L. 1992, pp. 2062, 2063, § 2, rendered ineffective the repeal of the prior OCGA § 43-34-1, which governed the practice of naturopathy. Because the General Assembly, in enacting Ga. L. 1992, p. 2062, § 2, expressly struck what was § 43-34-1 and replaced it with a new § 43-34-1 that was completely unrelated to the prior statute, we conclude the General Assembly intended the striking of the naturopathy statute to take effect independent of the enactment of new § 43-34-1. *Continental Cas. Co. v. Swift & Co.*, 222 Ga. 80 (148 SE2d 489) (1966); *Fidelity &c. Co. of N. Y. v. Whitehead*, 114 Ga. App. 630, 633-635 (1) (152 SE2d 706) (1966). See also *Gunn v. Balkcom*, 228 Ga. 802, 804 (188 SE2d 500) (1972). The naturopathy statute therefore stands repealed even though we affirm the trial court's ruling that new § 43-34-1 is unconstitutional.

*Case No. S92A1544. Judgment affirmed in part and reversed in part. Case Nos. S92X1545 and S92X1546. Judgment reversed. Case No. S93X0059. Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, P. J., Hunt, Benham, Fletcher, JJ., and Judge Frank C. Mills III concur; Hunstein, J., not participating.*

DECIDED DECEMBER 3, 1992.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Julia B. Anderson, Assistant Attorney General,* for Miller et al.

*Demetrius Mazacoufa,* for Georgia Nurses Association, Inc. et al.

*Robert P. Williams II, Susan P. Wilkerson,* for Georgia Optometric Association, Inc. et al.

*Everett W. Gee III,* for Medical Association of Georgia et al.