[No. 13187. In Bank. — August 30, 1889.]

THE PEOPLE EX REL. W. R. WATERMAN, GOVERNOR
OF THE STATE OF CALIFORNIA, APPELLANT, *v.* A. C.
FREEMAN, RESPONDENT.

PUBLIC OFFICERS — POWER OF APPOINTMENT — CONSTITUTIONAL LAW —
EXECUTIVE FUNCTION. — The power of appointment to office is not
essentially an executive function, within the meaning of section 1 of arti-
cle 3 of the constitution of 1879, and so far as it is not regulated by ex-
press provisions of the constitution, may be regulated by law, and if the
law so prescribes, may be exercised by the members of the legislature.

ID. — STATE LIBRARY — LEGISLATURE MAY ELECT TRUSTEES. — The provis-
ion of section 2292 of the Political Code, placing the state library under
the control of a board of trustees elected by the legislature in joint con-
vention assembled, is constitutional.

APPEAL from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion.

*Attorney-General Johnson,* and *Henry C. Dibble,* for
Appellant.

*A. C. Freeman,* in *pro. per.,* for Respondent.

BEATTY, C. J. — By section 2292 of the Political Code,
it is provided as follows: "The state library is under
the control of a board of trustees, consisting of five
members elected by the legislature in joint convention
assembled, and holding their offices for the term of four
years."

Under and in pursuance of this provision of the code,
the legislature in joint convention elected the respond-
ent a member of said board of trustees, and he there-
upon assumed, and has since exercised, the duties of the
office.

The relator, holding that the above-quoted provision
of the Political Code is unconstitutional in so far as it
attempts to confer upon a joint convention of the senate
and assembly the power of appointment to the office in

question, has instituted this proceeding for the purpose of ousting the respondent.

The contention on the part of the relator is, that appointing to office is intrinsically, essentially, and exclusively an executive function, and therefore cannot be exercised by the legislature.

Section 1 of article 3 of the constitution of 1879 provides: "The powers of the government of the state of California shall be divided into three separate departments: the legislative, executive, and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this constitution expressly directed or permitted."

If the making of appointments to office is a function which, in the sense of the constitution, appertains to the executive department of the state government, there would seem to be no escape from the conclusion that the appointment of the respondent by the members of the legislative department was invalid, unless by some specific provision of the constitution such appointment is expressly directed or permitted.

On the part of the respondent it is contended that such specific provision is found in section 4 of article 20, which reads as follows:—

"Sec. 4. All officers or commissioners whose election or appointment is not provided for by this constitution, and all officers or commissioners whose offices or duties may hereafter be created by law, shall be elected by the people, or appointed as the legislature may direct."

But we cannot construe this section as an express direction or permission to the legislature to exercise the power of appointment to office, if that is essentially an executive function. It would upon such an assumption amount only to this: that with respect to newly created offices, or offices not provided for in the constitution, the legislature may direct whether they shall be filled by

popular election or by executive appointment; in other words, that the legislature may prescribe the rule of selection, but may not itself make the selection. (*State* v. *Kennon*, 7 Ohio St. 561.) Our decision, therefore, must depend upon the solution of the question whether appointment to office is essentially an executive function. As to this point the authorities cited by counsel are meager and conflicting.

In the case of *Taylor* v. *Commonwealth*, 3 J. J. Marsh. 404, the court of appeals of Kentucky held that the removal of a county clerk and the appointment of another in his place by the county court could not be reviewed on writ of error, because such removal and appointment, though made in pursuance of authority delegated to the court as such by the constitution, was essentially an executive and not a judicial act.

In the case of *Field* v. *People*, 2 Scam. 80, and *Hoke* v. *Henderson*, 4 Dev. 1, 25 Am. Dec. 677, the question was not involved, and of course was not decided, although incidentally discussed. In a dissenting opinion in the Illinois case, a letter of Thomas Jefferson is quoted (p. 141), in which he says: "Nomination to office is an executive function; to give it to the legislature, as we do, is a violation of the principle of the separation of powers; it swerves members from correctness by temptation to entreat for office for themselves and to a corrupt barter for votes, and destroys responsibility by dividing it among a multitude. By leaving nomination in its proper place, among executive functions, the principle of the distribution of powers is preserved, and responsibility weighs with its heaviest force upon a single head."

To the same effect is the decision above cited from 7 Ohio St. 561.

No doubt these views as to the intrinsic nature of the power of appointment or of nomination to office, and the expediency of confining it to the executive department of the government, are entitled to the highest

consideration, but the question here is, not what the constitution ought to be, but what it is, or in other words, what was the intention of its framers as to this particular matter. Of course if there had been at the time of its adoption a general consensus of opinion in harmony with the views of Mr. Jefferson, as above quoted, we should be forced to conclude that its framers intended to forbid to the legislature the exercise of the power of appointment to office. But there was no such consensus of opinion. On the contrary, it had not only been decided in other states of the Union, under constitutions containing provisions substantially equivalent to the sections above quoted from our own, that the legislature could fill offices by itself created, but our own supreme court, construing identical provisions of our old constitution, had come to the same conclusion. (*People* v. *Langdon*, 8 Cal. 16.) In view of this construction, so long acquiesced in and acted upon, it must be held that the convention of 1879 in readopting the provisions so construed, in the identical terms of the old constitution, intended that they should have the same operation and effect formerly attributed to them. If they had meant to prescribe a different rule, it would have been easy to express such intention in language not to be misunderstood, and leaving nothing to construction.

Upon these considerations we feel constrained to hold that the power of appointment to office, so far as it is not regulated by express provisions of the constitution, may be regulated by law, and if the law so prescribes, may be exercised by the members of the legislature.

Judgment affirmed.

SHARPSTEIN, J., THORNTON, J., McFARLAND, J., PATERSON, J., and WORKS, J., concurred.