(March 6, 1913.)

## EDWIN E. ELLIOTT, Plaintiff, v. ROBERT S. McCREA, Clerk, Defendant.

[130 Pac. 785.]

CONSTITUTIONAL LAW — DRAINAGE DISTRICT LAW — APPOINTMENT OF OFFICERS—ASSESSMENT OF BENEFITS—ISSUANCE OF BONDS.

1. The provisions of House Bill No. 92, passed by the twelfth session of the legislature and approved February 21st, entitled "An act to provide for the establishment of drainage districts, and the construction and maintenance of a system of drainage, and to provide for the means of payment of the costs thereof, and declaring an emergency," authorizing the district judge of the judicial district in which a drainage district is located to appoint the drainage commissioners for the district, is not in violation of the constitution, and is not an infringement by the judicial department of the state government upon the functions of the executive branch of the government.

2. Sec. 6 of art. 4 of the state constitution provides that the governor "shall nominate and, by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law and whose appointment or election is not otherwise provided for," and this provision of the constitution leaves it to the discretion of the legislature when creating any office by legislative act to prescribe the method of filling the office and to designate the officer, board or body that shall make the appointment, and in case of failure on the part of the legislature to do so, the governor is vested by the constitution with the appointive power.

3. Under the provisions of House Bill No. 92, approved February 21, 1913, the legislature has "otherwise provided" for the appointment of drainage commissioners, and has directed that such appointment shall be made by the district judge. This was a legitimate exercise of the constitutional authority conferred upon the legislature.

4. The assessment of benefits provided for in House Bill No. 92, approved February 21, 1913, is not a tax within the purview and meaning of the constitution (sec. 5, art. 7). The assessment made under this act is dependent wholly upon the benefits to accrue, and where no benefits will accrue no assessment can be made, and the charge is one *in rem* against the specific tracts of land assessed for benefits and to the extent of the assessment only.

5. The provisions of House Bill No. 92, approved February 21, 1913, for the bonding of a drainage district without a vote of the people within the district, is not in violation of sec. 3, art. 8, of the state constitution. The indebtedness there provided for is not a municipal indebtedness contemplated by the constitution.

Original action for a writ of mandate. Demurrer to petition overruled and peremptory writ granted.

Richards & Haga, for Plaintiff.

The legislature has power to prescribe the manner in which a municipality or other political division of the state may be created. (*Hagar v. Reclamation Dist.*, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. ed. 569; *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; 2 Wiel on Water Rights, p. 1250; 1 Abbott on Municipal Corp., sec. 21.)

There is no inhibition in the constitution of Idaho against creating an indebtedness by a municipal body without submitting the question to a vote, where the assessment is special. (*McGilvery v. City*, 13 Ida. 338, 90 Pac. 348; *Byrns v. City*, 21 Ida. 403, 121 Pac. 1034; *Hickey v. City*, 22 Ida. 46, 124 Pac. 280.)

In the absence of a constitutional provision to the contrary, any one of the three departments of government may, under the authority of a statute, appoint for any class of offices in any of the three governmental departments. ( *People v. Hoffman*, 116 Ill. 587, 56 Am. Rep. 793, 5 N. E. 596, 8

N. E. 788; *Eddy v. Kincaid,* 28 Or. 537, 41 Pac. 156, 655; *State v. George,* 22 Or. 142, 29 Am. St. 586, 29 Pac. 356, 16 L. R. A. 737; *Evansville v. State,* 118 Ind. 426, 21 N. E. 267, 4 L. R. A. 93.)

We assume, that acts being valid to reclaim arid lands by placing water thereon, similar acts to reclaim nonproductive swamp lands by taking water therefrom would be equally valid, provided the acts authorizing the creation of such districts do not infringe upon any fundamental law. (*Nampa etc. Irr. Dist. v. Brose,* 11 Ida. 474, 83 Pac. 499; *Billings Sugar Co. v. Fish,* 40 Mont. 256, 20 Ann. Cas. 264, 106 Pac. 565, 26 L. R. A., N. S., 973.)

There is no inhibition in our constitution against creating an indebtedness within a municipality where such indebtedness is based upon a special assessment according to benefits. (*People v. Sacramento Drainage Dist.,* 155 Cal. 373, 103 Pac. 207; *McGilvery v. City of Lewiston, supra; Byrns v. City of Moscow, supra; Hickey v. City of Nampa, supra; Land Owners v. People,* 113 Ill. 296.)

The question of the constitutional power of courts or judges to appoint officers is quite fully considered in the note to the case of *State v. George,* 22 Or. 142, 29 Pac. 356, 16 L. R. A. 737. See, also, *Ross v. Board,* 69 N. J. L. 291, 55 Atl. 310; *People v. Freeman,* 80 Cal. 233, 13 Am. St. 122, 22 Pac. 173; *In re Terrett,* 34 Mont. 325, 86 Pac. 266; *People v. Hoffman,* 116 Ill. 587, 56 Am. Rep. 793; *Evansville v. State,* 118 Ind. 426, 21 N. E. 267, 4 L. R. A. 93; *State v. Superior Court,* 42 Wash. 491, 85 Pac. 264; *State v. Crosby,* 92 Minn. 176, 99 N. W. 636.

Perky & Crow, for Defendant.

Appointment to office is essentially an executive function. (*State v. Denny,* 118 Ind. 382, 21 N. E. 252, 4 L. R. A. 79; *State v. Peelle,* 121 Ind. 495, 22 N. E. 654; *In re Achley,* 4 Abb. Pr. 35; 29 Cyc. 1370, and cases cited under note 65.)

Sec. 25 provides for the issuing of bonds for the payment of the total expenses of constructing the drainage system, in-

curred or to be incurred. The bonds are to be issued by the board of commissioners of the district, and there is no requirement that a vote of the electors of such district be had. This bonding feature of the law is unconstitutional. (*Bannock County v. Bunting,* 4 Ida. 156, 37 Pac. 277; *Theiss v. Hunter,* 4 Ida. 788, 45 Pac. 2; *Dunbar v. Board of Commrs.,* 5 Ida. 407, 49 Pac. 409; *McNutt v. Lemhi County,* 12 Ida. 63, 84 Pac. 1054.)

AILSHIE, C. J.—This action involves the constitutionality of House Bill No. 92, passed by the twelfth session of the legislature and approved by the governor on the 21st of February last, and entitled ''An act to provide for the establishment of drainage districts, and the construction and maintenance of a system of drainage, and to provide for the means of payment of the costs thereof, and declaring an emergency.''

The parties have specifically waived all question as to the procedure adopted for the purposes of raising the constitutional questions involved and for the purposes of this case both parties agree upon the procedure.

This act authorizes the creation of drainage districts, provides for the selection of the necessary officers and the procedure to be adopted and pursued in carrying out the objects and purposes of the act. It might well be termed the complement of the irrigation act. The one provides for bringing water onto the land so as to render it productive; the other provides for getting water off of land so as to render it productive and habitable.

It seems that a petition in due form, signed by the requisite number of land owners in the district, has been presented to the clerk of the district court in and for Bonner county, with the request that he file the same, and that such further proceedings be taken as required by the act for the formation and organization of a drainage district. The clerk has refused to file the petition or to take any action thereon, upon the ground that the act under which the proceeding is instituted is unconstitutional and void.

The first point urged is that the act is in conflict with the constitution, for the reason that sec. 5 of the act provides for the appointment of "drainage commissioners" for the district by the judge of the district court of the judicial district in which the drainage district is located, and that the act of appointing officers is purely an executive or ministerial duty and is not a judicial function. This objection overlooks the primary and fundamental question underlying the whole proposition, namely, that the legislature has in fact spoken and acted and has designated the officer who shall make the appointment. The fact that this officer is a judge of a court does not render it any more of a judicial act than if such act were performed by some executive or ministerial officer.

Again, the constitution, sec. 6 of art. 4, provides that the governor "shall nominate and, by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law and whose appointment or election is not otherwise provided for." The constitution itself provides the method of selection of the legislative, executive and judicial officers named in the constitution. The framers of the constitution, however, could not foresee what offices might "be created by law" subsequently enacted, and so they provided that such offices should be filled by the governor unless the appointment or election should be "otherwise provided for." The legislature in this case has "otherwise provided." They have clearly exercised their constitutional right in naming and designating the person or officer who shall make these particular appointments. This question has received frequent consideration by the courts, and they have almost invariably reached the conclusions we have indicated. (*People v. Freeman,* 80 Cal. 233, 22 Pac. 173, 13 Am. St. 122, and note at p. 125; *State ex rel. Sherman v. George,* 22 Or. 142, 29 Pac. 356, 16 L. R. A. 737, and note; *Ross v. Board,* 69 N. J. L. 291, 55 Atl. 310; *In re Terrett,* 34 Mont. 325, 86 Pac. 266; *In re Ryers,* 72 N. Y. 1, 26 Am. Rep. 88.)

It is next argued that the collection of assessments and taxes for benefits under the scheme provided in the act in question does not afford due process of law or the equal protection of the laws, and is therefore in violation of sec. 5, art. 7, of the state constitution. The first reply that may be made to this contention is that the assessments to be levied and collected under the provisions of the act here in question do not constitute a tax within the purview of the constitution. This is rather an exercise of the power of the state for the general welfare. (*Hagar v. Reclamation District,* 111 U. S. 701, 4 Sup. Ct. 663, 28 L. ed. 569; *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *McGilvery v. City of Lewiston,* 13 Ida. 347, 90 Pac. 348.) Under this act, the assessment is made only according to *benefits* to be received. *Where no benefits will accrue, no assessment can be made.* No question of taxation for governmental purposes or for the maintenance of the governmental functions of the state is imposed. This assessment is made in proportion to benefits to be acquired, and is intended primarily to serve and advance the proprietary interests of the land owners within the district, and to that end serve and advance the interests and general welfare of the state at large. Incidentally, this may and often will serve and improve the public health of the inhabitants of the district or render a district habitable which otherwise would be uninhabitable. To our minds, the same principles of law which would sustain and uphold the irrigation statute should sustain and uphold this statute. (*Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; *Nampa etc. Irr. Dist. v. Brose,* 11 Ida. 474, 83 Pac. 499; *Bissett v. Pioneer Irr. Dist.,* 21 Ida. 98, 120 Pac. 461; *Pioneer Irr. Dist. v. Stone, ante,* p. 344, 130 Pac. 382.)

Lastly, it is contended that the plan provided for bonding a district is violative of sec. 3 of art. 8 of the state constitution. This objection must fail, for the same reason that a like objection failed in *McGilvery v. City of Lewiston,* 13 Ida. 347, 90 Pac. 348; *Byrns v. City of Moscow,* 21 Ida. 403, 121 Pac. 1034, and *Hickey v. City of Nampa,* 22 Ida. 46, 124 Pac.

280; namely, that the assessment here authorized to be levied runs against each specific tract or parcel of land to be benefited, and the amount thereof is ascertained, determined and assessed in advance, so that every property owner can know just how much he is to pay and the bondholder can ascertain just the extent of the claim he has against each tract of land. In such case, there is no municipal liability and no municipality to be rendered liable for the payment of the indebtedness.

. The foregoing covers all the objections that have been raised against the constitutionality of this act. We find no constitutional objection to the act on any grounds urged. The demurrer to the petition will be overruled and a peremptory writ will issue.

Sullivan and Stewart, JJ., concur.