(March 8, 1927.)

W. T. BOOTH, Appellant, v. C. A. GROVES, LAFE BOONE, O. G. F. MARKHUS and ETHEL T. CLARK, as Tax Collector of Ada County, State of Idaho, Respondents.

[255 Pac. 638.]

DRAINAGE DISTRICTS—SPECIAL ASSESSMENT—BENEFIT TO PROPERTY—CONSTITUTIONAL LAW—DENIAL OF DUE PROCESS—DETERMINATION OF BENEFITS.

1. Levy of one dollar per acre against lands of drainage district, under C. S., sec. 4505, *held* not within Const., art. 7, secs. 2 and 5, but is a special assessment for improvement purposes, and can be justified, if at all, only as special assessment.

2. Levy of special assessment for improvement purposes is not justified, unless benefits accrue to property, and, in order that such assessment may be levied and collected, there must be a determination of benefits accruing.

3. C. S., sec. 4505, authorizing uniform tax on land of proposed drainage district for purpose of paying expenses without any determination as to benefits, *held* in violation of Const., art. 1, secs. 13, 14, and Const. U. S., Amend. 14, as depriving persons of property without due process of law; there being no provision for determination of benefits under C. S., secs. 4495–4499, providing preliminary steps for creation of district.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action to enjoin collection of assessment on lands in a drainage district. Judgment for defendants. *Reversed and remanded.*

Publisher's Note.

2. See 25 R. C. L. 1, 98.

See Constitutional Law, 12 C. J., sec. 1060, p. 1260, n. 80 New; sec. 1061, p. 1260, n. 84.

Drains, 18 C. J., sec. 207, p. 712, n. 6, p. 714, n. 9; sec. 218, p. 720, n. 93; sec. 219, p. 723, n. 4 New.

Taxation, 37 Cyc., p. 712, n. 42.

J. B. Eldridge, for Appellant.

There is no provision under C. S., sec. 4405, for giving notice nor for an opportunity provided for a land owner to contest the assessment. The assessment levied under the section without notice is void. (*Neal v. Van Sickel,* 72 Neb. 105, 100 N. W. 200.)

C. S., sec. 4505, and the proceedings had thereunder are invalid, as being in contravention of Idaho Const., art. 1, secs. 13 and 14, art. 7, secs. 2 and 5, and the 14th amendment to the federal constitution. (*Argyle v. Johnson,* 39 Utah, 500, 118 Pac. 487; *Beebee v. Magoun,* 122 Iowa, 94, 101 Am. St. 259, 97 N. W. 986; *Smith v. Peterson,* 123 Iowa, 672, 99 N. W. 552; *Ft. Dodge etc. Co. v. Ft. Dodge,* 115 Iowa, 568, 89 N. W. 7; *Tyler Township v. State,* 83 Ind. 563; *Campbell v. Dwiggins,* 83 Ind. 473; *Hagar v. Reclamation Dist. No. 108,* 111 U. S. 701, 4 Sup. Ct. 663, 28 L. ed. 569; *Turpin v. Lemon,* 187 U. S. 51, 23 Sup. Ct. 20, 47 L. ed. 70.)

"Where no benefits will accrue, no assessment can be made." (*Elliott v. McCrea,* 23 Ida. 524, 130 Pac. 785.)

P. E. Cavaney, for Respondents.

It is a cardinal point of statutory construction that in case of doubt as to the constitutionality of a statute, the statute must be sustained. (*Grice v. Clearwater T. Co.,* 20 Ida. 70, 117 Pac. 112.) And it is also a cardinal rule of statutory construction that statutes should be construed liberally with the views to accomplish their aims and purposes. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638.)

The drainage statute is constitutional and not in derogation of the fourteenth amendment to the constitution of the United States. (*Houck v. Little River Drainage Dist.,* 248 Mo. 373, 154 S. W. 739; affirmed by U. S. supreme court, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. ed. 266; *Branson v. Bush,* 251 U. S. 182, 40 Sup. Ct. 113, 64 L. ed. 215; *Miller & Lux v. Sacramento & S. J. Drain. Dist.,* 256 U. S. 129, 41

Sup. Ct. 404, 65 L. ed. 869; *Hunt v. United States,* 256 U. S. 706, 41 Sup. Ct. 537, 66 L. ed. 163; *Valley Farms Co. of Yonkers v. County of Westchester,* 261 U. S. 155, 43 Sup. Ct. 261, 67 L. ed. 585; *Thomas v. Kansas City So. Ry. Co.,* 261 U. S. 481, 43 Sup. Ct. 440, 67 L. ed. 759; *Miheim v. Moffat T. I. Dist.,* 262 U. S. 710, 42 Sup. Ct. 694, 67 L. ed. 1195; *House v. Road Improvement Dist. No. 2 and No. 5,* 266 U. S. 175, 45 Sup. Ct. 60, 69 L. ed. 81; *Kansas City Ry. Co. v. Road Imp. Dist. No. 3,* 266 U. S. 379, 45 Sup. Ct. 136, 69 L. ed. 142; *Northwestern Imp. Co. v. John Day Irr. Dist.,* 286 Fed. 294; *Kramer v. Standing Pine Dr. Dist.,* 117 Miss. 387, 78 So. 5; *Northern P. R. Co. v. Pierce County,* 51 Wash. 12, 97 Pac. 1099, 23 L. R. A., N. S., 286; *Orr v. Allen,* 245 Fed. 486; *Reclamation Dist. No. 730 v. Hershey,* 160 Cal. 692, 117 Pac. 904; *Oliver v. Monona County,* 117 Iowa, 43, 90 N. W. 510; *Butts v. Monona County,* 100 Iowa, 74, 69 N. W. 284.)

TAYLOR, J.—This action is brought by plaintiff, on behalf of himself and others similarly situated, against defendants Groves, Boone and Markhus, commissioners of Drainage District No. 3 in Ada county, and Ethel T. Clark, treasurer and tax collector of the county, to enjoin the collection of a tax or assessment of one dollar per acre levied by the commissioners of the district upon lands of plaintiff and others, under C. S., sec. 4505. A demurrer was sustained to the complaint, and this appeal is from the judgment rendered for defendants.

The allegations of the complaint admitted by the demurrer, are that some of the lands in the district are of a value as high as $2,000 per acre, while others are as low in value as $100 per acre, and the levy was a flat levy of one dollar per acre without regard to valuation; that "much of the land of plaintiffs are high and dry lands and do not, and cannot, contribute anything to the seeping of the wet or low lands, and do not and never will need drainage; that said lands owned by plaintiffs will not receive and cannot receive any

benefits whatsoever from said proposed drainage system or district; that said pretended levy of said assessment was levied without notice to plaintiffs or either of them, and that none of plaintiffs had any knowledge of said pretended levy of said tax or assessment until long after the same had pretended to be levied."

Plaintiff contends that C. S., sec. 4505, and the proceedings thereunder, are in contravention of secs. 2 and 5 of art. 7, and secs. 13 and 14 of art. 1 of the constitution of Idaho, and the 14th amendment to the constitution of the United States.

C. S., secs. 4495 to 4499, provide the preliminary steps for the creation of a drainage district upon petition setting forth the object of the organization, which shall designate temporary boundaries, approximately the number of acres therein, a description of the proposed system, and the fact that the establishment of such district and system will be conducive to the public health, convenience and welfare, or increase the public revenue, and that the establishment of such district and system and reclamation is a proper and advantageous method of accomplishing the relief sought. Such petition must be signed by owners of at least one-fifth of the acreage in the proposed district.

C. S., sec. 4497, requires the judge of the district court to set a time for hearing of the petition on notice published for at least three successive weeks in some newspaper in the county; and C. S., sec. 4498, provides that any person or corporation interested may appear on the day set and "make objections to the organization and incorporation of said district, but such objections shall be limited to determining whether or not the organization of such drainage district is a proper and advantageous method of accomplishing the reclamation and protection of the swamped, bogged or water-logged lands, or lands subject to overflow therein, and whether or not there is a reasonable probability that the objects sought by the formation of the district may be accomplished, and whether or not said proposed drainage sys-

tem will be conducive either to the public health, welfare or convenience or increase the public revenue; and at the hearing the court shall hear and consider such evidence only as may be presented for or against the petition or objections thereto.''

This section further provides that the court shall make findings and define the temporary boundaries of the district, describing the lands included by township, range and section only.

Under C. S., sec. 4499, the court, if it finds the ''proposed drainage system to be conducive either to the public health, welfare or convenience, or will increase the public revenue, or be of special benefit to the majority in acreage of the lands included in said boundaries, shall declare said district duly organized, and to be known as drainage district No. ——''; and a copy of this order declaring the district to be organized shall be filed in the office of the Secretary of State, and from and after the date of such filing, the organization shall be deemed complete.

C. S., sec. 4500, provides for the appointment and qualification of three drainage commissioners. C. S., sec. 4505, against which this attack is directed, authorizes the commissioners to ''levy a uniform tax of such an amount as is deemed necessary not to exceed $1 per acre upon each acre of land within such district to be used for the purpose of paying expenses incurred or to be incurred in organizing such district, making surveys of the same and apportioning costs and damages, and to apply on the expenses necessary to be incurred before said board shall be empowered by subsequent sections to provide funds to pay the total cost of works and improvements of the district''; and that ''Such tax shall be due and payable as soon as assessed and if not paid within 60 days thereafter the same shall become delinquent. It shall become a lien on the land against which it is assessed, and shall be collected in the same manner as other taxes.''

The section further provides that "In case the sum received from such assessment exceeds the total cost of items for which the same has been levied, the surplus shall be placed in the .general fund of the district and used to pay the cost of construction," with a proviso that if the district is dissolved under further provisions, the amount of the surplus, if any, shall be prorated and refunded to the land owners paying such uniform tax.

[1] It should need no argument that this levy, although designated a tax, is not made under, and does not come within, the provisions of secs. 2 and 5 of art. 7 of the state constitution. It is plainly a special assessment for improvement purposes, and can be justified, if at all, and find its authority, only within well-recognized rules and principles applicable to such special assessments. (37 Cyc. 711; *Elliott v. McCrea*, 23 Ida. 524, 130 Pac. 785.)

[2] The levy of special assessments for improvement purposes is based upon the theory that the assessment is in accordance with and proportioned to the benefits to the particular property assessed (*Nampa & Meridian Irr. Dist. v. Petrie*, 37 Ida. 45, 223 Pac. 531; *Elliott v. McCrea, supra*), and unless there are benefits which accrue to the property, such assessment is not justified, and would constitute the taking of property without due process of law. In order that a special assessment for improvement purposes may be levied and collected, there must be a determination of benefits accruing, and unless the legislature determines the fact that such benefit will accrue, the land owner must have an opportunity to appear at some stage of the proceedings and contest or be heard as to the matter as to benefits or assessments. This principle has been announced and is so thoroughly established that it needs no argument and little, if any, citation of authorities. (*Lower King's River Reclamation Dist. v. Phillips*, 108 Cal. 306, 39 Pac. 630, 41 Pac. 335; *Argyle v. Johnson*, 39 Utah, 500, 118 Pac. 487; *Hagar v. Reclamation Dist. No. 108*, 111 U. S. 701, 4 Sup. Ct. 663,

28 L. ed. 569; *Campbell v. Dwiggins,* 83 Ind. 473; Black on Constitutional Law (3d ed.), sec. 221; 12 C. J. 1260.)

Those cases which have had to do with the determination of what constitutes due process of law in such matters, and have construed acts of similar import, will be found to rest upon the special provisions of the acts construed, or the constitutions of the various jurisdictions. Counsel for respondents relies almost wholly upon the decision in *Houck v. Little River Drainage Dist.,* 248 Mo. 373, 154 S. W. 739, as affirmed by the United States supreme court in 239 U. S. 254, 36 Sup. Ct. 58, 60 L. ed. 266. The opinion of the United States supreme court is not conclusive, for it is distinctly referable to the grounds stated therein, that "When local improvements may be deemed to result in special benefits, . . . . special assessments (may be) imposed accordingly; but even in such case there is no requirement of the Federal Constitution that for every payment there must be an equal benefit. The state in its discretion may lay such assessments in proportion to position, frontage, area, market value, or to benefits estimated by commissioners, . . . . And, as we have said, unless the exaction is a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property, it cannot be maintained that the state has exceeded its taxing power."

That case further proceeded upon the fact that "The owners whose lands are embraced in the district as proposed, and who have not signed the articles, are summoned and their objections to the organization and to the inclusion of their lands are heard. . . . . And it is not disputed that the plaintiffs in error received the notice to which they were entitled. . . . . They were thus apprised of whatever legal consequences attached to the formation of the district with their lands in it. The present question, therefore, cannot properly be regarded as one of notice. The imposed burden, if it be in its nature a lawful one, is an incident to the organization which they had abundant opportunity to contest. It is apparent that when the district was duly or-

ganized it had the same footing as if it had been created by the legislature directly; and if the legislature could have established this district by direct act, and then constitutionally imposed upon the lands within the district the ratable tax in question to pay the expenses of organization and for preliminary work, it cannot be doubted that the legislature had power to impose the same tax upon the district as organized under the judgment of the court.''

Thus, the opinion is not an authority under a statute where, as here, no opportunity was afforded the plaintiffs to be heard as to the inclusion of their lands in the district, or as to their being or not being benefited, or to be heard as to the levy of the assessment in the face of the admitted facts here that the plaintiffs' lands are in no way benefited by the system proposed.

It is contended that the Missouri court was construing an act so similar to the provisions of C. S., sec. 4505, that the decision is authority for the proceedings herein. We must then refer to the decision of the supreme court of that state appealed from, which for many purposes settled questions vital there upon which the decision of the supreme court of the United States is no authority whatsoever, and which were not before that court.

The Missouri statute expressly provides that a summons shall be served upon the land owner not signing the ''articles,'' setting out the fact that his lands are affected by the organization of the proposed drainage district, and shall command him to appear and show cause why the district, ''as set out in said articles,'' shall not be organized, and he may appear and file objections as to ''why his land, or any part thereof, will not be benefited by the proposed drainage, or should not be embraced in said drainage district, and made liable to taxation for draining the same.'' Such objections shall be heard, ''and in case all such objections are overruled,'' a decree of incorporation is entered; but ''In case any owner of real estate included in said district shall satisfy the court that his real estate, or any

part thereof, has been wrongfully included therein, and will not be benefited thereby, then the court may exclude such real estate as will not be benefited, and declare and decree the remainder a district as prayed. . . . . ''

The Missouri decision recites that upon the petition for organization, the judicial department was entrusted with the ''establishment and territorial limitation of the benefit district in a proceeding in which the question whether or not each tract included will be benefited is directly involved.'' The objectors under that law and in that case were granted a full opportunity to appear and contest the inclusion of their lands within the district, and establish, if they might, that their lands would not be benefited by the system.

The decision is based upon the ground that the legislature might have created a district and determined that the lands therein would be specially benefited; that it had the right to determine in advance a sufficient benefit to those lands, if benefited at all, to justify an assessment based upon a flat acreage levy not exceeding 25 cents; that the legislature having delegated to the court the matter of establishing the limits and boundaries of such a district, wherein those whose lands were included had an opportunity to appear and contest the inclusion of their lands or the fact that they would be benefited, and it having been thereby determined that the lands of such contestant should be included and would be benefited, that this constituted a legislative determination that the lands were so benefited in such nominal sum by the preliminary steps and the proceedings had to determine the feasibility of the plan, and that such levy was not arbitrary or excessive, and was justified as a levy by the legislature upon lands benefited.

The supreme court of the United States in *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369, says of the right of a legislature to declare lands benefited, which point is discussed at length in the opinion in the Houck case, rendered by the Missouri supreme court:

"The legislature not having itself described the district, has not decided that any particular land would or could possibly be benefited as described, and, therefore, it would be necessary to give a hearing at some time to those interested upon the question of fact whether or not the land of any owner which was intended to be included would be benefited by the irrigation proposed. If such a hearing were provided for by the act, the decision of the tribunal thereby created would be sufficient."

Under our drainage act, there is no opportunity afforded for a land owner to protest at the hearing upon the organization of the district, against the inclusion of his lands within the district, or that his lands are not benefited thereby, or to contest the question of benefits in any way in opposition to this levy. While the mere inclusion of lands not benefited is not the taking of property (*Burt v. Farmers' Co-operative Irr. Co., Ltd.,* 30 Ida. 752, 168 Pac. 1078), the distinction between the Houck case and the present one rests upon the undisputed fact that here the plaintiffs have been afforded no opportunity to contest the inclusion of their lands within the district, or as to their being benefited, and no determination of benefits has been made as to their lands upon any notice to them, and it is distinctly admitted that no benefits whatever will accrue to them.

[3] If C. S., sec. 4505, be given effect, although a man's lands might be subsequently excluded as not benefited, he would nevertheless have been called upon to pay, or still be required to pay, the assessment levied under C. S., sec. 4505, and if the amount collected exceeded the preliminary costs, by covering the remainder into the general fund, he would be paying for the general cost of the improvement, although not benefited, although never having had an opportunity to have it so determined, and although ultimately excluded from the district.

We cannot help but conclude, under all the authorities, that the act thus far is unconstitutional, and the levy and

collection of this assessment would deprive the plaintiffs of property without due process of law.

The judgment is reversed and the cause remanded, with instructions to the lower court to enter judgment for the plaintiff. Costs to appellant.

Wm. E. Lee, C. J., and T. Bailey Lee, J., and Terrell, District Judge, concur.

Budge, J., dissents.

Givens, J., disqualified.

Petition for rehearing denied.